IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD D. EAVES, JR., SAUNDRA )
F. EAVES, JARED EAVES, and )
JEWELIE EAVES, )
                                                    )
           Plaintiffs, )
                                                   )   Case No. CIV-05-980-F
-vs- )
                                                    )
ROYAL & SUN ALLIANCE )
INSURANCE COMPANY, a/k/a Royal )
Speciality Underwriting, Inc., et al., )
                                                    )
           Defendants. )

## ORDER

Before the court is the Motion to Dismiss Plaintiffs' Amended Complaint for Declaratory Judgment Based on Fed. R. Civ. P. 12(b)(6), filed December 22, 2005 (doc. no. 32), filed by defendant, Royal Indemnity Company as Successor to Royal Insurance Company of America. Plaintiffs have responded to the motion, and upon due consideration of the parties' submissions, the court finds that the motion should be denied.

In its motion, defendant requests the court to dismiss plaintiffs' amended complaint for declaratory judgment, seeking a declaration that defendants owe a defense and an indemnity obligation to Brown Schools of Oklahoma, Inc., for the amended complaint filed by plaintiffs in <u>Richard D. Eaves, Jr., et al. v. Brown Schools of Oklahoma, Inc.</u>, Case No. CIV- 05-116-F ("underlying action"), on the basis that plaintiffs failed to reopen the underlying action within ten days of the lifting of the

bankruptcy automatic stay as required by the court's administrative closing order entered on May 9, 2005. Defendant states that the Tenth Circuit held in <u>Morris v. City of Hobart</u>, 39 F.3d 1105, 1110 (10th Cir. 1994), that an administrative closing order which notifies the parties that the case will be dismissed with prejudice absent action by a plaintiff within a specified time period is sufficient to terminate a case. Defendant also respectfully submits that <u>Morris</u> does not preclude termination of a case for failure of a plaintiff to act within a clearly stated time as required by the court. Further, defendant argues that unless the court waives the ten-day requirement of the administrative closing order entered in the underlying action, plaintiffs cannot state a claim against it because there is no underlying action to defend and no underlying judgment to indemnify.

In an order entered this same date in the underlying action, the court found that the May 9, 2005 administrative closing order, which is distinguishable from the administrative closing order at issue in <u>Morris</u>, did not operate as a dismissal of the case. The court also concluded that a dismissal should not be entered due to plaintiffs' failure to comply with the ten-day time period set forth in the administrative closing order. The court further waived the ten-day requirement in the administrative closing order and ordered that an amended administrative closing order be entered which administratively closed the underlying action pending resolution of this case. In light of the court's order in the underlying action, the court concludes that dismissal of plaintiffs' amended complaint for declaratory judgment for failure to state a claim is not appropriate.

IT IS THEREFORE ORDERED that the Motion to Dismiss Plaintiffs' Amended Complaint for Declaratory Judgment Based on Fed. R. Civ. P. 12(b)(6), filed December 22, 2005 (doc. no. 32), is **DENIED**.

IT IS FURTHER ORDERED that defendant, Royal Indemnity Company as Successor to Royal Insurance Company of America, shall file its answer to the First Amended Complaint for Declaratory Judgment, filed December 8, 2005 (doc. no. 27), within 15 days from the date of this order.

DATED this 19th day of January, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0980p009(pub).wpd